## Long, Adm'r, &c., of Cottrell, *versus* Spencer & Co.

1. A note was drawn by a firm to their own order, endorsed by them to one of the firm and by him endorsed to Cottrell. Before maturity Cottrell died, and the note was found amongst his papers unstamped. *Held,* that the want of a stamp was not evidence that Cottrell had received the note without consideration.

2. The Internal Revenue Act merely made the want of a stamp a disqualification of the instrument as evidence.

3. After the death of Cottrell his administrator procured the collector to stamp the note. *Held,* that the note was to be treated as if stamped when made.

4. Testimony by two of the defendants that the note was unstamped when passed to Cottrell, being as to a matter before his death, was inadmissible, under the proviso of the Act of April 15th 1869.

5. Declarations by the administrator of Cottrell that there was nothing in his books and papers to show that any consideration had been given for the note, were irrelevant.

6. The defendants, under a rule of court, struck *ex parte* twelve names from the jury list ; at the trial it was proper to select the jury from those remaining.

7. Tripp *v.* Bishop, 6 P. F. Smith 424 ; Turnpike Co. *v.* McNamara, 22 Id. 278, followed.

March 29th 1875. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the District Court of *Philadelphia :* Of July Term 1873, No. 91.

This was an action of assumpsit, brought May 31st 1871. by

[Long, Adm'r, &c., of Cottrell, *v.* Spencer & Co.]

Elam B. Long, administrator *d. b. n.* of John F. Cottrell, deceased, against W. G. Spencer, G. B. Newton and J. Mitton, trading as W. C. Spencer & Co.   The action was on a note drawn by W. C. Spencer & Co., defendants, dated January 4th 1871, to their own order, payable in four months, for $2500; it was endorsed by the drawers—by G. B. Newton and "J. F. Cottrell, per W. K. Hemphill, administrator."

The case came on to be tried on the 6th of March 1873, before Lynd, J.   When the case was called, it appeared that the defendant's counsel, under a rule of the court, had struck the list of jurors *ex parte*, striking not more than twelve names from the panel; the plaintiff objected to having the names so struck excluded, and asked that the jury might be selected from the whole panel; the court overruled the objection and directed that the jury be selected from the panel in attendance, excluding those that had been struck, and sealed a bill of exceptions for the plaintiff.

The plaintiff called William Ayres, who testified that the second endorsement was in the handwriting of G. B. Newton.

On cross-examination he testified, that he found the note on the day of Cottrell's death among the papers of the firm of Cottrell & Ayres, and of J. F. Cottrell; he kept his papers with the firm papers.

The defendants admitted that the last endorsement was by W. K. Hemphill, administrator.

Plaintiff gave evidence that administration of J. F. Cottrell's estate had been granted to Hemphill, February 7th 1871; that the letters of administration had been revoked April 14th 1871, and on the 29th of May 1871 administration *d. b. n.* had been granted to the plaintiff.   He then gave in evidence the note, viz.:

"2500.                    Philadelphia, January 4th 1871.

Four months after date we promise to pay to the order of ourselves, twenty-five hundred dollars, papable at the National Bank of the Republic, without defalcation.   Value received.

$\left\{ \begin{array}{c} \text{\$1.25} \\ \text{U. S. Int. Rev.} \\ \text{Stamp.} \end{array} \right\}$   W. G. SPENCER & Co."

Endorsed: "W. G. Spencer & Co., G. Bolton Newton, John F. Cottrell, per W. K. Hemphill, administrator."

There was also the following endorsement:—

"Internal revenue stamps to the value of $1.25 affixed to this instrument and cancelled by me, at the request of Elam B. Long, administrator, this third day of February 1873.   Penalty remitted upon proof that the proper stamping of the same was inadvertently omitted.

$\left\{ \begin{array}{c} \text{\$1.25.} \\ \text{U. S. Int. Rev.} \\ \text{Stamp.} \end{array} \right\}$   W. B. KENNEY,
                    Collector First District."

The plaintiff then closed.

[Long, Adm'r, &c., of Cottrell, v. Spencer & Co.]

The defendants called W. G. Spencer and offered to prove that whilst Hemphill was administrator he admitted that the note was not stamped when it came into his possession; that he had examined the books and papers of Cottrell and could find no trace of any consideration having been given for the note. The offer was objected to by the plaintiff, admitted by the court and a bill of exceptions sealed.

Witness testified that in February 1871, Hemphill, after his appointment as administrator, stated that the note with other papers of Cottrell came into his possession as administrator; that it then had no revenue stamp on it; there was no memorandum upon it to show that it had ever been used for any purpose, and so far as he had seen or knew there was nothing in Cottrell's papers to show that any consideration had been given for it; that he had deposited the note with the Union Banking Company and directed a revenue stamp to be placed on it.

W. Wingall, a clerk of the Union Banking Company, was called by defendants, who offered to prove by him that when the note was brought to the bank it was without stamps—as evidence that there was no consideration from Cottrell; that the stamp was cancelled by witness. The plaintiff objected to the offer, it was admitted and a bill of exceptions sealed. The witness testified that he believed the cancellation was his; either the note was unstamped when brought to witness or it was stamped and he merely cancelled it. The defendants gave him no authority to cancel.

W. G. Spencer, again called, under objection and exception, testified that the cancellation was not his nor that of any of his partners; it was not done by his authority.

Under objection and exception, G. B. Newton testified that the cancellation of the stamp was not in his writing nor done by his authority.

In rebuttal, the plaintiff gave evidence by Ayres, that Cottrell died February 3d 1871; that between the date of the note and Cottrell's death several sums of money had been paid by Cottrell to Newton and during the same time Newton was almost daily at Cottrell & Ayres's office, and his visits were generally for money; Cottrell had paid money on account of Spencer & Co.'s note; Cottrell & Ayres were not indebted to Newton. There was other evidence, for the purpose of showing consideration for the note.

The court, amongst other things, said to the jury:—

"It was imprudent for defendants to make a promissory note and let it pass out of their possession without value. In law, whenever passed, the holder is entitled to the face of it, and when presented to the court and jury his primâ facie case is made out. If the note is passed for any specific purpose the law presumes everything against the maker; that is the unfortunate position of the defendants in this case. They do not deny the making or

28 P. F. SMITH—20

[Long, Adm'r, &c., of Cottrell, *v.* Spencer & Co.]

giving of it out; but say, in point of fact, that no consideration was paid by Mr. Cottrell; they make this out in two ways: they say the note was not when found in such a condition that a prudent business man would take it, and it was an incomplete note. The law certainly at that time required a note to be stamped, and it is plain to my mind that it was not at the time stamped. Defendants want you to infer from the absence of stamps that the whole transaction was incomplete. You must take this, and upon the consideration of your minds give value to it."

The verdict was for the defendants.

The plaintiff removed the record to the Supreme Court by writ of error, and assigned for error :—

1. Excluding from the jury drawn the names which had been struck, and directing the jury to be drawn from those remaining.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*

3. Allowing the admission of Hemphill, the administrator, that the note was not stamped when it came into his possession, as evidence of want of consideration.

4. Allowing evidence by the bank clerk, that he cancelled the stamps on the note; and that the note was without stamps when brought to the bank, as evidence of want of consideration.

5, 6. Admitting evidence that the cancellation was not made by any member of the defendants or by authority from either of them, as evidence of want of consideration.

7. The part of the charge given above.

*G. S. Graham* (with whom was *J. Roberts*), for plaintiff in error. —The acts of an administrator may be given in evidence against an administrator *d. b. n.*, but his declarations may not: Rush *v.* Peacock, 2 Moody & Rob. 162; 2 Steph. Nisi Prius 1628. The objection to want of a stamp must be taken before the instrument is read: Jones's Appeal, 12 P. F. Smith 329; Robinson *v.* Vernon, 7 C. B. N. S. 231. An instrument stamped after proceedings have begun is good *ab initio :* Brown *v.* Savage, 6 Jurist N. S. 1020; Tripp *v.* Bishop, 6 P. F. Smith 424.

*J. C. Longstreth,* for defendants in error.—Hemphill's admissions were properly received: Lobb *v.* Lobb, 2 Casey 327. When a defect in an instrument requires extrinsic evidence to show it, the instrument may be read and the objection proved as part of defendant's case: Byles on Bills 91. Without a stamp the instrument was incomplete: Latham *v.* Smith, 45 Ill. 25; Wayman *v.* Torreyson, 4 Nevada 124.

Mr. Justice GORDON delivered the opinion of the court, May 10th 1875.

The note upon which this suit is brought bears date January 4th 1871, and was drawn by W. G. Spencer & Co. to their own

[Long, Adm'r, &c., of Cottrell, v. Spencer & Co ]

order, payable four months after date, and by them endorsed to G. B. Newton, one of the members of said firm, and by him endorsed to John F. Cottrell. Cottrell died on the 3d day of February 1871, and this note was found among his papers.

The defence exhibited nothing which, under ordinary circumstances, would put the holder of the note to proof of consideration. There was some evidence, however, that when the note came into Cottrell's possession, it was unstamped, though a stamp was duly affixed thereto by the collector of the proper district, at the instance of the administrator, before suit brought. This fact was submitted to the jury, as evidence of the imperfection of the note as negotiable paper and to rebut the primâ facie presumption that it had passed to the endorsee for a valuable consideration. Upon this evidence alone a verdict was rendered for the defendants. Now, how the want of a stamp could avail of itself to prove want of consideration, we cannot conceive. The provisions of the Act of Congress import no such effect as this. As is said by Mr. Justice Agnew, in the case of the Turnpike Co. v. McNamara, 22 P. F. Smith 281, the Act of Congress did but "stamp the instrument of evidence with a disqualification which prevented its use as evidence until the delinquent had paid his tax." To the same effect are the cases of Tripp v. Bishop, 6 P. F. Smith 424, and Jones's Appeal, 12 Id. 329. Now, as upon the trial of this case, the note appeared to have been duly stamped by the officer qualified so to do, the bar upon it as evidence was removed, and it occupied the same position, so far as the Act of Congress was concerned, as though it had been stamped when made. Why, then, shall we go beyond that act and add a penalty not found therein ? But the ruling of the court below makes the want of a stamp, at the time of endorsement to the holder, not merely a curable irregularity, but also evidence to rebut the presumption of consideration. What is this but an additional penalty ? And of what avail is the curative provision of the statute, if the paper is so marred by the original default that it no longer of itself imports consideration ? We cannot subscribe to such an interpretation of the statute.

Had there been evidence of fraud or unfair dealing in the transfer of the paper, or of a want of consideration moving from Cottrell, this irregularity might have been adduced, as a link in the chain of testimony, to prove mala fides, but standing alone it amounted to nothing.

Under no circumstances was the testimony of Spencer and Newton, two of the defendants, admissible. This testimony went to prove that the note was unstamped, or the stamp uncancelled when passed to Cottrell; as, however, this evidence was of matter occurring before his death and which, if alive, he might have rebutted by his own testimony, it comes within the proviso of the Act of

1869, and should have been excluded.   So that part of the decla-
ration of Hemphill, the former administrator, which contains the
allegation, " that so far as he had seen or knew there was nothing
in Cottrell's books or papers to show that any consideration had
been given for the note," should also have been excluded as irrele-
vant.

We find nothing improper in the drawing of the jury from the
struck list.   The method pursued is one that, we believe, has never
heretofore been doubted or called in question, and if it has arisen
from an erroneous interpretation of the statute, as is contended, it
is an error too long established for us now to correct.   *Communis
error facit jus.*

                    The judgment is reversed, and a *venire facias de novo*
                    awarded.